UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FLAGSHIP LAKE COUNTY DEVELOPMENT NUMBER 5, LLC, a Florida Limited Liability Company,

            Plaintiff,

-vs-                                      Case No. 5:12-cv-188-Oc-10PRL

CITY OF MASCOTTE, FLORIDA,

            Defendant.
_____/

## O R D E R

On October 3, 2011, the Defendant City of Mascotte, through its city council, voted against Ordinance 2011-09-500 (the "Subject Ordinance"), which would have re-zoned a 245-acre parcel of land owned by Plaintiff Flagship Lake County Development Number 5, LLC ("Flagship"). The Subject Ordinance would have allowed Flagship to construct waste disposal and waste management facilities, methane gas recovery facilities, recycling facilities, and wetlands habitat preservation areas on the property (Doc. 9, ¶¶ 8, 13-14, 32, 34-35).[1] Flagship claims that the City's decision was arbitrary and capricious, based on inappropriate *ex parte* communications and independent research, and was not supported by substantial, competent evidence. Flagship has

---

[1] The vote was memorialized in a Findings of Fact, Conclusions of Law, and Order issued on October 27, 2011 (Doc. 9, ¶¶ 35-36).

filed suit against the City and seeks relief in the form of $20 million in compensatory damages, attorney's fees, and costs.

Flagship initiated its cause of action in the Fifth Judicial Circuit in and for Lake County, Florida (Doc. 2), and the City removed the case to this Court pursuant to 28 U.S.C. § 1331 (Doc. 1). Flagship subsequently filed a First Amended Complaint, alleging that the City's denial of the Ordinance violated Flagship's rights of procedural due process, substantive due process and equal protection under both the United States Constitution and the Florida Constitution (Doc. 9, Counts I-II). Flagship also has sued the City for tortious interference with Flagship's business relationship with Waste Management Inc. of Florida (Id., Count III).

The case is now before the Court on the City's Motion to Dismiss the First Amended Complaint (Doc. 10), to which Flagship has filed a response in opposition (Doc. 11). The City seeks dismissal of Flagship's claims asserted under the United States Constitution and 42 U.S.C. § 1983, and the tortious interference claim. The City has not argued for dismissal of the claims to the extent they are asserted under the Florida Constitution.

For the reasons discussed below, the Court finds that the motion to dismiss is due to be granted as to the federal due process and equal protection claims, and that the remaining state law claims shall be remanded to the state court.

**Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations.  Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974).  A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id.  (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).  The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550

U.S. at 570, 127 S. Ct. at 1974.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65).

## Discussion

### I.  Procedural Due Process Claim

Flagship's first claim is asserted under the United States Constitution, 42 U.S.C. § 1983, and the Florida Constitution.  It alleges that the City violated Flagship's procedural due process rights when the City Council voted against the Subject Ordinance (Doc. 9, ¶ 57).  In particular, Flagship contends that the City Council engaged in *ex parte* communications, considered substantial evidence outside the record, and was unduly persuaded by public opinion (Id., ¶¶ 58-59).  The City seeks dismissal of the portion of Flagship's procedural due process claim asserted under 42 U.S.C. § 1983 and the United States Constitution.

A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless

and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 126, 110 S. Ct. 975, 983 (1990). The City argues that it is entitled to dismissal of this claim because a constitutionally adequate process exists, and Flagship failed to avail itself of that process. The Court agrees.

Assuming arguendo that Flagship had a constitutionally protected right to develop and/or sell its land in the manner it desired, Flagship does not have a viable federal procedural due process claim because adequate state remedies are available to it. McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (*en banc*) ("[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."). See also Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) ("[T]he state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation."). Specifically, Florida Statute §120.68 provides for judicial review of agency actions, including a local government's zoning decisions. Board of County Commissioners of Brevard County v. Snyder, 627 So. 2d 469, 474 (Fla. 1993).

Flagship has not alleged in its amended complaint, and does not argue in its response, that it ever availed itself of this state remedy. Rather, it argues that the state remedies available are inadequate because Flagship is seeking monetary damages as opposed to a review of the City's denial of the Subject Ordinance. This argument is

unpersuasive. While the remedy in state court may not have been the preferred remedy of Flagship it is more than adequate to cure any procedural due process defects. The existence of a state judicial procedure to review, remand, and/or set aside agency decisions, including zoning decisions, and to "[o]rder such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld" Fla. Stat. § 120.68(6)(a)(2), is sufficient to redress Flagship for the deprivation alleged and is sufficient to satisfy the Fourteenth Amendment's Due Process Clause. See Parratt v. Taylor, 451 U.S. 527, 544, 101 S. Ct. 1908, 1917 (1981) ("Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under section 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process."); Collins v. Walden, 613 F. Supp. 1306, 1313 (N.D. Ga. 1985) ("The state remedy need not be identical to, or as extensive as, a remedy for damages under section 1983, but instead need only be sufficient to satisfy the requirements of procedural due process.").

In the case of a procedural due process claim, the constitutional violation is not the deprivation of a protected interest in "life, liberty, or property" (in this case the purported deprivation of Flagship's interest in developing its property, for which Flagship seeks monetary compensation). Rather, "what is unconstitutional is the deprivation of such an interest *without due process of law.*" Zinermon, 494 U.S. at 125,

110 S. Ct. at 983 (emphasis in original).² Accordingly, as in this case, if adequate state remedies were available, but a plaintiff did not avail itself of them, that plaintiff "cannot rely on that failure to claim that the state deprived [it] of procedural due process." Cotton, 216 F.3d at 1331.

The portion of Flagship's procedural due process claim alleging violations of his rights under the United States Constitution and 42 U.S.C. § 1983 will be dismissed.

## II.    **The Substantive Due Process Claim**

Flagship next claims that the City, through its council members, acted arbitrarily and capriciously when it voted against the Subject Ordinance, and that the City's actions violated Flagship's constitutionally protected fundamental right to sell and/or develop its property in the manner it desired.  Again, the City only seeks dismissal of the portion of this claim asserting violations of Flagship's substantive due process rights under the United States Constitution and § 1983.

---

²Flagship's reliance on Curtis v Taylor, 648 F.2d 946 (5th Cir. 1980) is unavailing.  That decision stands for the well-known proposition that exhaustion of state judicial remedies is not a prerequisite to all federal claims under 42 U.S.C. § 1983.  However, Curtis does not address a claim for procedural due process, where the very question of whether a state remedy exists is the *sine qua non* of the claim.  Moreover, Curtis involved a purportedly unconstitutional reduction in medicaid benefits and physicians services and a claim that those actions violated federal medicaid laws.  Under those facts, judicial review under Fla. Stat. § 120.68 may have been inadequate because the only adequate remedy would have been the removal of the reduction in benefits and services.  In Flagship's case, however, judicial review could have resulted in approval of the Subject Ordinance in a very short time frame – and in turn prevented the purported $20 million in damages.  It is also not entirely clear that a state court would be precluded from awarding monetary damages under the current language of Fla. Stat. § 120.68.  See e.g., Fla. Stat. § 120.68(6)(a).

The Due Process Clause of the Fourteenth Amendment only provides substantive due process protection against deprivations of fundamental rights. Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003). Fundamental rights are those created by the Constitution; and it is well established that land use rights, as property rights generally, are state-created rights not subject to substantive due process protection. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972); DeKalb Stone, Inc. v. County of DeKalb, Ga., 106 F.3d 956, 959 (11th Cir. 1997). Thus a substantive due process claim predicated on an arbitrary and irrational deprivation of a property interest should be treated as a procedural due process claim. Greenbriar Village, 345 F.3d at 1263 n. 4.

Moreover, the City's alleged actions in this case were specifically directed at Flagship. The denial of the Subject Ordinance did not impact the public as a whole, but only prevented Flagship from developing its own property. In such cases, the City's actions were "executive" in nature and cannot form the basis of a viable substantive due process claim. "[N]on-legislative," or executive, "deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally. Constitutional due process is satisfied for these deprivations when proper procedures are employed." Greenbriar Village, 345 F.3d at 1263 (citing McKinney, 20 F.3d at 1559). See also Lewis v. Brown, 409 F.3d 1271, 1273-74 (11th Cir. 2005);

DeKalb Stone, 106 F.3d at 959; Crymes v. DeKalb County, 923 F.2d 1482, 1485 (11th Cir. 1991).

Because the Court finds that the City's denial of the Subject Ordinance constitutes an executive act impacting a state-created property right, there can be no substantive due process claim, and the City's motion to dismiss the portion of this claim asserting violations of Flagship's rights under the United States Constitution and 42 U.S.C. § 1983 will be granted.[3]

### III. Equal Protection Claim

The last constitutional claim Flagship raises is a claim that it was treated differently than other landowners, and that the City acted without any legitimate state interest. The City argues that the portion of the claim asserted under § 1983 and the United States Constitution should be dismissed because Flagship has not alleged that it was treated differently than any similarly situated comparator.

The Court agrees. A crucial element of an equal protection claim is the allegation that the plaintiff was treated differently than a similarly situated comparator. Crystal Dunes Owners Ass'n Inc.v. City of Destin, Fla., 476 Fed. Appx. 180, 184-85 (11th Cir. 2012). Alleging that a plaintiff is "similarly situated" requires a high degree of specificity. See Campbell v. Rainbow City, Ala., 434 F.3d 1306 (11th Cir. 2006);

---

[3]It appears that Flagship has abandoned its substantive due process claim under § 1983. It has limited its argument in its opposition solely to a claim for substantive due process under the Florida Constitution.

Strickland v. Alderman, 74 F.3d 260 (11th Cir. 1996).  Flagship alleges in its amended complaint only that it was treated "differently from other landowners."  (Doc. 9, ¶ 69). This is not sufficient to satisfy the high degree of specificity required for an equal protection claim – Flagship cannot be similarly situated to every single landowner in the City.  Accordingly, the portion of this claim asserted under § 1983 and the United States Constitution will also be dismissed.  See Crystal Dunes, 476 Fed. Appx. at 185; Prescott v. Florida, 343 Fed. Appx. 395, 400 (11th Cir. 2009).[4]

### III.    Supplemental Jurisdiction

Having dismissed the claims raising federal questions, the only remaining claims are those asserting violations of due process and equal protection rights under the Florida Constitution, and a state law tort claim for tortious interference.  The resolution of these claims will require the analysis of Florida constitutional and tort law, and application of those laws to a state municipality.  Under these circumstances, and pursuant to 28 U.S.C. § 1367(c)(3), the Court will decline to exercise its supplemental jurisdiction over the remaining claims, and remand the case to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of supplemental jurisdiction. . . ."); Myers v. Central Fla. Invs., Inc., 592 F.3d 1201, 1226-

---

[4]Flagship has not requested leave to amend this claim.  Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542-43 (11th Cir. 2002) (*en banc*).

27 (11th Cir 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.") (citations omitted).

## Conclusion

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1) Defendant City of Mascotte, Florida's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10) is GRANTED;

(2) The portions of Counts I and II in Plaintiff Flagship Lake County Development Number 5, LLC's First Amended Complaint (Doc. 9) that assert claims under the United States Constitution and 42 U.S.C. § 1983 for violations of the Plaintiff's procedural due process, substantive due process, and equal protection rights are DISMISSED;

(3) The portions of Counts I and II in the Plaintiff's First Amended Complaint (Doc. 9) that assert claims under the Florida Constitution for violations of the Plaintiff's procedural due process, substantive due process, and equal protection rights, as well as Count III, the tortious interference with business relationship claim, are hereby REMANDED to state court.

(4) The Clerk is directed to enter judgment accordingly, terminate all other pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 25th day of April, 2013.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Maurya McSheehy